UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY D MALLAND,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. 3:23-cv-05524-TMC<br><br>ORDER DENYING MOTION TO DISMISS |

Before the Court is Defendant United States of America's motion to dismiss under Fed. R. Civ. P. 12(b)(1). Dkt. 18. Upon review of the parties' briefing, relevant record, and applicable law, the Court DENIES the United States's motion.

## I.     BACKGROUND

On June 9, 2023, Plaintiff Timothy D. Malland sued the United States under the Federal Tort Claims Act (FTCA), alleging he received negligent care at Naval Hospital Bremerton that caused his diabetic foot ulcer to suffer "severe infection requiring hospitalization and amputation." Dkt. 1 ¶¶ 6–9. Malland alleges he visited the hospital on December 19, 2020, seeking medical care for his foot ulcer. *Id*. He was "seen and discharged without adequate referral for follow up, and with negligent discharge instructions." *Id*. ¶ 8. He was later admitted to another hospital in Silverdale, Washington on December 29, 2020. *See* Dkt. 21 at 20.

ORDER DENYING MOTION TO DISMISS - 1

Malland claims that he later submitted administrative tort claims received by the Department of the Navy on September 15, 2021, and December 20, 2022. *See id*. at 2, 12, 15. On February 10, 2023, the Navy requested additional information about Malland's administrative claim received on December 20, 2022. *See id*. at 19–20. The Navy asked Malland to confirm whether he was asserting a claim for medical care received at Bremerton on December 19, 2020, because the Navy had no other medical records of treating Malland after that date. *See id*. Malland did not respond to the Navy's request for information about his administrative claim until June 7, 2023. *Id*. In the intervening time, the Navy denied Malland's administrative claims relating to his ulcerous foot on March 13, 2023. *See id*. at 17.

On June 9, 2023, Malland filed his complaint in this Court. Dkt. 1. On March 19, 2024, the United States moved to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacked jurisdiction because Malland had failed to provide the Navy sufficient information to investigate his administrative claims and therefore failed to adequately "present" his claim to the appropriate administrative agency before filing suit in federal court. *See* Dkt. 18 at 5–8.

## II.   DISCUSSION

### A.   Legal Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *Jones v. Billionaire Burgers, Inc.*, No. 222CV00110MEMFPVCX, 2023 WL 1107866, at *5 (C.D. Cal. Jan. 26, 2023). In this case, the United States challenges jurisdiction on the grounds that Malland did not properly exhaust his administrative remedies before filing suit under the FTCA. *See* Dkt 1 at 1; Dkt. 18 at 5–8. The FTCA waives the United States's sovereign immunity for actions in tort and "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir.

1992) (citing 28 U.S.C. §§ 1346, 2671–2680)).

The FTCA requires a plaintiff to "present" his claim to the appropriate administrative agency for determination before an action may be commenced in court. *Castro v. United States*, No. 23-15841, 2024 WL 2892438, at *1 (9th Cir. June 10, 2024); *Blair v. I.R.S.*, 304 F.3d 861, 863–64 (9th Cir. 2002) (citing 28 U.S.C. § 2675(a)). The Ninth Circuit treats this claim presentation requirement as jurisdictional. *Castro*, 2024 WL 2892438, at *1 (citing *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982)). A claim is considered "presented" when a party files: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id*. (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). An administrative claim is considered exhausted after an agency's denial or after six months have passed from the filing of the claim. *Shipek v. United States*, 752 F.2d 1352, 1355 (9th Cir. 1985).

The plaintiff's administrative claim need not "state with great specificity the legal theories to be asserted in the eventual FTCA action." *Shipek*, 752 F.2d at 1355. "So long as [a] claim provide[s] sufficient notice to permit [an agency] to begin its investigation," a plaintiff "should not be jurisdictionally limited by [their] administrative claim from pursuing any legal theory encompassed by the facts set forth in [their] claim." *Id*. at 1356 (cleaned up). "Minimal" information is required to adequately present an administrative claim. *Shipek*, 752 F.2d at 1354. In *Shipek*, the Ninth Circuit explained that "it would be an 'inefficient' use of judicial resources to require more than a skeletal claim to satisfy section 2675(a). Otherwise, because the claim requirement is jurisdictional, a court would need to hold hearings on ancillary questions of fact whenever a claim w[as] challenged for insufficiency." *Id.*

    **B.**    **Malland presented and exhausted his administrative claim.**

The United States asserts that Malland did not sufficiently present his administrative

ORDER DENYING MOTION TO DISMISS - 3

claim before filing his complaint before the Court because (1) he failed "to provide the Navy with the correct time and place of his injury," and (2) his "description of the basis of his claim did not provide sufficient notice [to] the Navy that his claim was based on an urgent care center visit," which "deprived the Navy of the ability to identify and investigate his claim." *See* Dkt. 18 at 6–7. The United States argues that the Court lacks jurisdiction because Malland failed to present his administrative claim and because "more than two years have passed since his claim accrued," he now cannot remedy the failure to exhaust his administrative claim. *Id*.

The Court concludes that Malland adequately presented his administrative claim to the Navy and that claim was denied. Malland therefore exhausted his administrative remedies before filing suit as required under the FTCA. Malland only had to provide the Navy "a written statement sufficiently describing the injury to enable the agency to begin its own investigation." *Castro*, No. 23-15841, 2024 WL 2892438, at *1. The information Malland provided was demonstrably sufficient for investigation because the Navy determined that he had visited the Naval Hospital for treatment on December 19, 2020, and it understood his claim was related to medical complications later documented by another hospital in Silverdale, Washington. Dkt. 21 at 17, 19–20; *see Shipek*, 752 F.2d at 1354. The Navy then denied Malland's claim on March 13, 2023. *Id*. at 17.

### III.    CONCLUSION

Malland has both presented and exhausted his administrative claim upon the Navy's denial. *See Shipek*, 752 F.2d at 1355. He therefore commenced his action before the Court after exhausting his administrative remedies in compliance with the FTCA. *See id; see Castro*, No. 23-15841, 2024 WL 2892438, at *1. The United States' motion to dismiss (Dkt. 18) for lack of subject matter jurisdiction is DENIED.

Dated this 1st day of July, 2024.

                                          Tiffany M. Cartwright
                                          United States District Judge